PER CURIAM:
Claimant brought this action for vehicle damage which occurred when her 1993 940 Volvo struck a drainage trench on Wildcat Road in Lewis County. Wildcat Road is a public road maintained by respondent. The Court is of the opinion to make an award in this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred at approximately 2:00 p.m. on August 22,2008. Wildcat Road is a dirt road with one and ahalf lanes oftraffic. At the time of the incident, claimant was talcing her son swimming at a nearby river. Claimant testified that she was driving at approximately ten miles per hour when her vehicle struck a drainage trench in the road. The trench was approximately eight inches wide and six inches deep. Claimant testified that she noticed two or three other trenches located on this road. She stated that the last time she had driven on this road was the year prior. As a result of this incident, claimant’s vehicle sustained damage in the amount of $884.04. Claimant had liability insurance only.
The position of the respondent is that it did not have notice of the condition on Wildcat Road. lason Hunt, Assistant Maintenance Engineer in Lewis and Gilmer counties, testified that Wildcat Road is a low priority dirt road. He stated that respondent maintains this road approximately once per year. He testified that the drainage trench was not placed at this location by respondent. He stated that respondent did not have notice of the work that was performed on this road.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman v. Dep’t of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that respondent had, at the least, constructive notice of the drainage trench which claimant’s vehicle struck and that it presented a hazard to the traveling public. Thus, there is sufficient evidence of negligence to base an award. Notwithstanding the negligence of the respondent, the Court is also of the opinion that the claimant was negligent since she could have taken *66 precautions to avoid this hazard. Claimant could have further reduced her speed based on the road conditions. In a comparative negligence jurisdiction such as West Virginia, the claimant’s negligence may reduce or bar recovery in a claim. Based on the above, the Court finds that the claimant’s negligence equals forty-percent (40%) of her loss. Since the negligence of the claimant is not greater than or equal to the negligence of the respondent, claimant may recover sixty-percent (60%) of the loss sustained.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does make an award to the claimant in the amount of $530.43.
Award of $530.43.